UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JIAN CHEN,

    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
and COMENITY BANK.

    Defendants.

Case No. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jian Chen brings this action against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Comenity Bank, and alleges:

### Introduction

1. This is an action for actual, statutory, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA).

2. In or around June 2020, Plaintiff discovered her identity had been compromised. A fraudulent Coldwater Creek Master Card issued through Comenity

Bank was opened in Plaintiff's name on or around November 7, 2018. Plaintiff has never had any accounts with Comenity Bank. Plaintiff has never shopped or visited Coldwater Creek clothing store.

3. Plaintiff brings claims for actual and punitive damages against Defendants for their inaccurate reporting, and for their failure to conduct reasonable investigations into Plaintiff's disputes of that inaccurate reporting.

## Jurisdiction, Venue and Parties

4. This Court has original jurisdiction over Plaintiff's claims arising under the FCRA pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Personal jurisdiction exists over Defendants as they regularly conduct business in the State of Georgia.

6. Venue is appropriate in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in Fulton County, Georgia.

7. Plaintiff is a natural person residing in Fulton County, Georgia.

8. Plaintiff is, and was, at all relevant times a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Comenity Bank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2(b).

## General Allegations

12. Upon information and belief, on or around November 7, 2018, someone unknown to Plaintiff used her identity to enter into a credit card agreement with Comenity Bank and secure a Coldwater Creek Mastercard ending in 6966 with a credit limit of $10,000.00.

13. The credit card at issue was sent to someone unknown to Plaintiff at 1305 Fountain Cove Lane, Lawrenceville, GA, 30043.

14. Plaintiff has never lived at 1305 Fountain Cove Lane, Lawrenceville, GA, 30043.

15. Plaintiff had never heard of or shopped at Coldwater Creek clothing store.

16. According to the company's website, there are no Coldwater Creek clothing store locations in the state of Georgia.

17. Someone unknown to Plaintiff exhausted the credit limit on the account and never made a payment.

18. On or around July 2019, Comenity Bank closed the credit card account with an outstanding balance of approximately $11,294.00.

19. On or around June 1, 2020, Plaintiff learned of the account for the first time after receiving a letter from Ragan & Ragan, PC, a law firm, addressed to her correct address, advising the firm had been retained by Second Round Sub, LLC[1] to collect a debt.

20. Plaintiff called Ragan & Ragan, PC directly to let them know the Comenity account does not belong to her.

21. Ragan & Ragan, PC assured Plaintiff there would be some sort of investigation into her allegation that the account was not hers.

22. Plaintiff never heard anything back from Ragan & Ragan, PC as to said investigation.

23. In or around June 2020, Plaintiff contacted Comenity Bank and requested an investigation into the fraudulent account. Comenity Bank requested a copy of Plaintiff's Identity Theft Report and/or Police Report. Plaintiff complied.

---

[1] Second Round Sub, LLC is an assignee of Comenity Bank.

Plaintiff never received a response from Comenity after following up on multiple occasions.

24. On or about June 8, 2020, Plaintiff filed a FTC Identity Theft Report.

25. Plaintiff saw that Equifax, Trans Union, and Experian were reporting the fraudulent Comenity Bank account as a charged off account on her credit report, with a high balance of more than $10,000.00.

26. On or about February 16, 2021, Plaintiff mailed a detailed written dispute letter directly to Equifax via USPS certified mail. Plaintiff disputed the fraudulent Comenity credit card account and two incorrect addresses with Equifax. One incorrect address disputed by Plaintiff, included the fraudulent address used to receive the credit card, which is 1305 Fountain Cove Lane, Lawrenceville, GA 30043.

27. In her February 2021, dispute letter to Equifax, Plaintiff provided Equifax with her name, social security number, address, date of birth, and a copy of her driver's license to verify her identity. Plaintiff additionally provided Equifax with her phone number and email address to contact her if Equifax needed any additional information.

28. On or about February 16, 2021, Plaintiff mailed a detailed written dispute letter directly to Experian via USPS certified mail. Plaintiff disputed the

fraudulent Comenity credit card account, two Comenity credit inquiries, and two incorrect social security numbers ending in 6475, 6405 with Experian.

29. In her February 2021, dispute letter to Experian, Plaintiff provided Experian with her name, social security number, address, date of birth, and a copy of her driver's license to verify her identity. Plaintiff additionally provided Experian with her phone number and email address to contact her if Experian needed any additional information.

30. On or about February 16, 2021, Plaintiff mailed a detailed written dispute letter directly to Trans Union via USPS certified mail.

31. Likewise, in her February 2021 dispute letter to Trans Union, Plaintiff provided Trans Union with her name, social security number, address, date of birth, and a copy of her driver's license to verify her identity. Plaintiff additionally provided Trans Union with her phone number and email address to contact her if they need any additional information.

32. On or about February 26, 2021, Trans Union sent Plaintiff the results of its investigation and deleted the fraudulent Comenity Bank credit card account.

33. On or about March 11, 2021, Equifax sent Plaintiff the results of its investigation and verified the fraudulent Comenity account as accurate, but deleted the address associated with the fraudulent account.

34. On or about March 18, 2021, Experian sent Plaintiff the results of its investigation and verified the Comenity account information.

35. On or about March 26, 2021, Plaintiff sent a second dispute letter to Experian. This dispute, again, included all of her personal identifying information and explained that the Comenity account does not belong to her. Plaintiff's March 2021 letter also contained a copy of her FTC Identity Theft Report.

36. On April 13, 2021, Plaintiff sent a second dispute letter to Equifax. This dispute, again, included all of her personal identifying information and explained that the Comenity account does not belong to her. Plaintiff's April 2021 letter also contained a copy of her FTC Identity Theft Report.

37. On or about April 27, 2021, Experian sent Plaintiff the results of its investigation and deleted the fraudulent Comenity Bank credit card account.

38. As of the date of filing this lawsuit, Plaintiff has not received any response to her April 2021 dispute sent via certified mail to Equifax.

39. As a result of the inaccurate credit reporting and failure to conduct reasonable reinvestigations, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit;

    ii. Loss of time attempting to cure the error; and

      iii.    Mental anguish, stress, aggravation, embarrassment, marital discord, and other related impairments to the enjoyment of life.

40. Plaintiff's damages are continuing.

41. All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violations of the FCRA § 1681s-2(b) by Comenity)

42. Plaintiff re-alleges and incorporates paragraphs 1 through 41, including all subparts, as if fully set forth herein.

43. Comenity is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher of information" as codified at 15 U.S.C. § 1681s-2.

44. Comenity published false information regarding Plaintiff's alleged debt obligation and the Comenity account to the credit reporting agencies, like Equifax and Experian, and through those same credit reporting agencies to Plaintiff's potential lenders.

45. On one or more occasions within the relevant time period, by example only and without limitation, Comenity violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies along with Plaintiff's disputes.

46. When Plaintiff mailed her written disputes and enclosures, or completed online disputes to consumer reporting agencies (CRAs), those CRAs used a dispute system called "e-OSCAR" which has been adopted by the CRAs and by their furnisher-customers such as Comenity. It is an automated system and the procedures used by the CRAs are systematic and uniform.

47. When a CRA receives a consumer dispute, it (usually via an offshore, outsourced vendor) translates that dispute into an Automated Credit Dispute Verification or "ACDV" form.

48. The ACDV form is the method by which Comenity has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

49. Based on the manner in which Equifax and Experian responded or failed to respond to each of Plaintiff's disputes, representing that Comenity had verified the supposed accuracy of its reporting, Plaintiff alleges that Equifax and Experian did in fact forward ACDV(s) to Comenity.

50. Comenity understood the nature of Plaintiff's disputes when it received the ACDV(s) from Equifax and Experian.

51. Comenity violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Comenity's representations; by failing to review all relevant information regarding same; by failing to correctly report the

results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Comenity's representations to the consumer reporting agencies.

52. Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after Comenity had been notified of the dispute and that the information was inaccurate.

53. Comenity knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the lease and debt in question. Further, Comenity had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

54. As a result of Comenity's conduct, action and inaction, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment.

55. Comenity's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Comenity was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Comenity Bank for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violations of the FCRA § 1681i(a) by Equifax)

56. Plaintiff re-alleges and incorporates paragraphs 1 through 41, including all subparts, as if fully set forth herein.

57. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

58. Plaintiff explained to Equifax that the Comenity account is not hers. Plaintiff explained to Equifax that she has never lived at 1305 Fountain Cove Lane, Lawrenceville, GA 30043, where the fraudulent credit card was sent.

59. Equifax took no independent action to investigate the dispute or to determine whether Plaintiff was the victim of identity theft.

60. Equifax failed to investigate Plaintiff's dispute despite Plaintiff providing all the necessary information. Equifax chose to ignore all the information provided in the dispute and rely solely on the information provided by Comenity. Plaintiff even provided her contact information, but Equifax made no attempt to contact her to obtain any additional information if any was needed.

61. Equifax chose to ignore this information and simply parroted the information provided by the furnisher.

62. As a result of Equifax's conduct, action and inaction, Plaintiff suffered actual damages in the form of lost time dealing with attempting to correct her credit file, credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Equifax, as well as emotional distress.

63. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Equifax Information Services LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further

violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT III
### (Violations of the FCRA § 1681e(b) by Equifax)

64. Plaintiff re-alleges and incorporates paragraphs 1 through 41, including all subparts, as if fully set forth herein.

65. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

66. Plaintiff never applied for a Comenity Bank credit card. Plaintiff has never had any business dealings with Comenity Bank. Plaintiff has never shopped at or visited a Coldwater Creek clothing store. Plaintiff has never resided at 1305 Fountain Cove Lane, Lawrenceville, GA 30043, where the fraudulent Comenity credit card was mailed and where all billing correspondence was sent. Equifax's procedures allowed for the account to be reported on Plaintiff's Equifax credit report despite Plaintiff ever authorizing Comenity to pull her credit and despite that Plaintiff has no relationship with Comenity whatsoever.

67. As a result of Equifax's conduct, action and inaction, Plaintiff suffered actual damages in the form of lost time dealing with attempting to correct her credit file, credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Equifax, as well as emotional distress.

68. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 U.S.C. § 1681o.

69. Plaintiff is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Equifax Information Services LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violations of the FCRA § 1681i(a) by Experian)

70. Plaintiff re-alleges and incorporates paragraphs 1 through 41, including all subparts, as if fully set forth herein.

71. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

72. Plaintiff explained to Experian that the Comenity collection account is not hers. Plaintiff explained to Experian that she has never lived at 1305 Fountain Cove Lane, Lawrenceville, GA 30043, where the fraudulent credit card was sent. Upon information and belief, Experian has no information in its database connecting Plaintiff to the 1305 Fountain Cove Lane address, other than the fraudulent account.

73. Experian took no independent action to investigate the dispute or to determine whether Plaintiff was the victim of identity theft.

74. Experian failed to investigate Plaintiff's dispute despite Plaintiff providing all the necessary information. Trans Union properly deleted the account, but Experian chose to ignore all the information provided in the dispute and rely solely on the information provided by Comenity. Plaintiff even provided her contact information, but Experian made no attempt to contact her to obtain any additional information if any was needed.

75. Experian chose to ignore this information and simply parroted the information provided by the furnisher.

76. As a result of Experian's conduct, action and inaction, Plaintiff suffered actual damages in the form of credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Experian, as well as emotional distress.

77. Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Experian Information Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT V
### (Violations of the FCRA § 1681e(b) by Experian)

78. Plaintiff re-alleges and incorporates paragraphs 1 through 41, including all subparts, as if fully set forth herein.

79. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

80. Plaintiff never applied for a Comenity Bank credit card. Plaintiff has never had any business dealings with Comenity Bank. Plaintiff has never shopped at or visited a Coldwater Creek clothing store. Plaintiff has never resided at 1305 Fountain Cove Lane, Lawrenceville, GA 30043, where the fraudulent Comenity credit card was mailed and where all billing correspondence was sent. Experian's procedures allowed for the account to be reported on Plaintiff's Experian credit report despite the absence of any other source of information linking Plaintiff to the 1305 Fountain Cove Lane address.

81. As a result of Experian's conduct, action and inaction, Plaintiff suffered actual damages in the form of credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Experian, as well as emotional distress.

82. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 U.S.C. § 1681o.

83. Plaintiff is entitled to recover costs and attorney's fees from Experian pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Experian Information Solutions, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

*s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Georgia Bar No.: 617963
MORGAN & MORGAN, PA
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 225-6745
Fax: (813) 222-4725
TGomez@fForThePeople.com
JKersey@ForThePeople.com
KThomas@ForThePeople.com

Attorney for Plaintiff